JUDGE FRANK MONTALVO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

FILED

2017 JAN -9 PM 3: 53

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

| | | |
|---|---|---|
| **JAVIER HERNANDEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **C.A. NO.:** _____ |
| | § | |
| **UNION PACIFIC RAILROAD** | § | **EP 17 CV000 7** |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, JAVIER HERNANDEZ, brings this cause for the recovery of damages complaining of Defendant, UNION PACIFIC RAILROAD COMPANY (UPRR), and would respectfully show the Court the following:

**1.    PARTIES; SERVICE OF PROCESS.**

A.    Plaintiff, JAVIER HERNANDEZ is an individual and a resident of El Paso, Texas.

B.    Defendant, UNION PACIFIC RAILROAD COMPANY, is an interstate carrier and at all times material to this cause of action maintained a principal place of business in Texas. The designated agent for service of process is C. T. Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**2.    STATUTORY AUTHORITY; JURISDICTION; VENUE.**    Jurisdiction in the United States District Court for the Western District of Texas, El Paso Division, is proper pursuant to the Federal Employers' Liability Act 45 U.S.C.A. §51. et.seq., commonly known as the Federal Employers' Liability Act (FELA) and 49 U.S.C.A. 20701 commonly known as the Locomotive Inspection Act (LIA),. Venue is proper in the United States District Court for the Western District

of Texas, El Paso Division, pursuant to 28 U.S.C. § 1391(a)(3) because Defendant is subject to the personal jurisdiction within said District and Plaintiff was injured within the Western District in Van Horn, Culberson County, Texas.

**3.    INTERSTATE COMMERCE.**    Plaintiff alleges that at all times material hereto, Plaintiff as employee, and Defendant as employer, were mutually engaged in services substantially affecting interstate commerce, and Plaintiff avails himself of all of the privileges, rights and immunities afforded him under the FELA.

**4.    STATEMENT OF FACTS.**    While working within the course and scope of Plaintiff's employment, Plaintiff sustained permanent bodily injuries to his neck, shoulder, low back leg and abdomen.   On or about September 7, 2016, while Plaintiff Hernandez was operating a locomotive for defendant UPRR, he was in a violent collision with an 18 wheeler tractor/trailer that tried to beat the train at the Lobo Crossing in Van Horn, Texas.   The train struck the trailer at approximately 65 mph causing parts of the trailer to knock the front windshield of the locomotive into the cab striking Plaintiff.

**5.    NEGLIGENCE; VIOLATION OF THE FEDERAL EMPLOYERS' LIABILITY ACT AND THE LOCOMOTIVE INSPECTION ACT.**   The Defendant, acting by or through its officials, agents, servants, borrowed servants, and employees was negligent in causing the Plaintiff's injury, in whole or in part, in the following particulars:

(a)    Defendant failed to provide Plaintiff with a reasonably safe place to work;

(b)    Defendant failed to provide Plaintiff with safe and proper tools and appliances with which to perform his work;

(c)    Defendant failed to adequately secure the front windshield of the locomotive;

(d)    Defendant failed to properly inspect the windshield of the locomotive to determine its fitness for duty;

(e)    Defendant failed to provide a safe and adequate locomotive in accordance with the LIA which imposes strict liability on railroad carrier's for violations of its safety standards

(f)    Defendant failed to develop safe windshields for use in their locomotives;

(g)    Defendant allowed unsafe work practices to become the standard work practices;

(h)    Defendant assigned Plaintiff to work in a situation or condition which it knew or in the exercise of reasonable care should have known was likely to cause Plaintiff injury;

(i)    All other acts and omissions by the Defendant which may be brought out at trial.

**6.    CAUSATION; DAMAGES.**    Prior to his injuries, Plaintiff was a strong and able-bodied man who fully performed his assignments as required by Defendant. Because of Defendant's negligence, Plaintiff has suffered and will continue to suffer damages in the following particulars:

(a)    Plaintiff has undergone medical treatment in the past;

(b)    Plaintiff must undergo medical treatment in the future;

(c)    Plaintiff has sustained physical pain and suffering in the past;

(d)    Plaintiff will continue to experience physical pain and suffering for an indefinite time into the future;

(e)    Plaintiff has sustained mental and emotional pain and suffering in the past;

(f)    Plaintiff will continue to suffer mental and emotional pain and suffering for an indefinite time in the future;

(g)  Plaintiff has incurred medical bills in the past for treatment of his injuries;

(h)  Plaintiff will continue to incur medical bills for an indefinite time into the future;

(i)  Plaintiff has sustained permanent disfigurement;

(j)  Plaintiff has sustained lost benefits and lost wages in the past in the amount of which will be calculated and presented at trial;

(k)  Plaintiff has sustained a permanent decrease in his ability to earn wages, the amount of which will be calculated and presented at trial;

(l)  Plaintiff has incurred costs and expenses to maintain this action which he is entitled to recover.

7.  **JURY DEMAND.**  Plaintiff demands a jury trial.

8.  **REQUEST FOR RELIEF.**  By reason of the above and foregoing, Plaintiff seeks damages in a sum within the minimal jurisdictional limits of this court.  Plaintiff asks that Defendant be cited according to law to appear and answer this lawsuit and, after final trial, Plaintiff seeks the following relief:

(a)  Judgment for all of Plaintiff's actual damages;

(b)  Judgment for post-judgment interest in the highest amount allowed by law;

(c)  Judgment for court costs; and

(d)  Such other relief to which Plaintiff may be entitled.

9.  **REQUEST FOR DISCLOSURE.**  Under the authority of Federal Rules Civil Procedure, plaintiff requests that defendant disclose the information or material described in Rule 26.

Respectfully submitted,

STEVEN C. JAMES ATTORNEY PLLC
521 Texas Avenue
El Paso, Texas 79901
Tel. (915) 543-3234
Fax (915) 543-3237

By:  _____
     Steven C. James
     State Bar No. 10551500
     sjamatty@aol.com


JonesGranger
10000 Memorial Drive, Suite 888
Houston, Texas 77024
Phone: 713/668-0230
Fax:    713/956-7139

By:  _____
     Robert M. Tramuto
     State Bar No. 20186300
     Fed Id No. 6863
     btra@jonesgranger.com

ATTORNEYS FOR PLAINTIFF